**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Rodney Keith FRYE, Defendant—Appellant.**

No. 00–50290.

D.C. No. CR–99–02901–HBT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2001.

Submission Vacated March 22, 2001.

Resubmitted Feb. 21, 2002.

Decided July 10, 2002.

Before KOZINSKI and TALLMAN, Circuit Judges, and WINMILL, District Judge.*

SUPPLEMENTAL MEMORANDUM **

Defendant challenges his sentence and guilty plea to violating 21 U.S.C. § 841(a)(1) on several grounds. We resolved his claims unrelated to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in an earlier memorandum disposition, and ordered the remaining issues deferred pending resolution of *United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc), which held that 21 U.S.C. § 841(a)(1) is constitutional.

"*Apprendi* did not change the long established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed." *United States v. Carranza,* 289 F.3d 634 (9th Cir. 2002). The government only needs to show "that the defendant knew that he imported or possessed *some* controlled substance." *Id.* at 643.

Defendant also argues that he never pled to the quantity alleged in the indictment, because his plea only admitted what everyone understood were the elements of

---

* The Honorable B. Lynn Winmill, United States Chief District Judge for the District of Idaho, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the offense, which, at the time (pre-*Apprendi*), did not include the nature or quantity of the drugs. As a result, defendant argues, any sentence based on facts not admitted in the plea and not submitted to a jury would violate *Apprendi*. We need not reach this argument because any error that may have occurred was harmless. *See United States v. Jordan*, 291 F.3d 1091 (9th Cir.2002) (reviewing *Apprendi* violation for harmless error).

Defendant never contested the amount alleged in the indictment; he didn't object to it at the plea hearing; he didn't object to it in his response to the Presentence Report; and he didn't object to it in his Sentencing Memorandum. *Cf. Buckland*, 277 F.3d at 1184 (looking to statements in the "Objections to the Presentence Report and Government's Sentencing Memorandum" to determine whether an *Apprendi* error affected the defendant's "substantial rights").[1] Far from it; in Defendant's Sentencing Memorandum, defendant acknowledged that 60 to 80 kilograms of marijuana were found in the vehicle and, instead, chose to contest the government's ability to prove that he *knew* the amount that was there. The district judge told defendant the maximum sentence he could face for possessing the amount in the indictment and he chose to plead guilty anyway. "Thus, whether we look only at the unchallenged amount of [marijuana] taken from [defendant] by the authorities, or only at the amount conceded by his attorney ... it appears beyond all doubt that the [alleged] *Apprendi* error in this case did not affect the outcome of the proceedings, and, accordingly, did not affect [defendant's] substantial rights." *Id.* Defendant cannot credibly argue that he wouldn't have pled guilty had he been required to admit he possessed the quantity of drugs alleged in the indictment.

AFFIRMED.

---

1. While *Buckland* dealt with plain error, the "substantial rights analysis under plain error is similar to a harmless error analysis." *Jordan*, at 1095. The difference between the two is which side carries the burden of persuasion. *Id.* at 1096. The government here carried that burden.